# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOSEPH MARTIN McROBERTS,    )
                                 )
       Plaintiff,            )
                                 )
v.                              )        CV416-149
                                 )
LT. MEEKS,                 )
                                 )
       Defendant.      )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, inmate-plaintiff Joseph Martin McRoberts brings this 42 U.S.C. § 1983 action against "Lt. Meeks," one of his jailers. Meeks, he alleges, took his pen and legal papers away from him in violation of Chatham County, Georgia jail procedures. Doc. 1 at 5. Meeks did that on May 18, 2016, and another guard returned those materials to McRoberts on May 23, 2016. *Id.* The confiscation caused plaintiff to become agitated (he says a video will document this), then be "roughly handled and restrained" during a[n evidently contemporaneous] routine cell search," followed by a "disciplinary action" that lasted 22 days when it should have been 20. *Id.* at 5-6. Plaintiff seeks "emotional distress" damages,

declaratory and injunctive relief, *id.* at 7, and appointment of counsel. Doc. 3.

Upon preliminary review,[1] McRoberts' Complaint must be dismissed with prejudice. Rough -- as opposed to violent (read: a beating) -- handling does not cross the Eighth Amendment line. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quotes and cite omitted); *Valdes v. Crosby*,

---

[1] McRoberts proceeds *in forma pauperis* (IFP) (doc. 2), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010).

Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Daker v. Bryson*, 2017 WL 242615 at * 3 (S.D. Ga. Jan. 19, 2017).

450 F.3d 1231, 1236 (11th Cir. 2006). McRoberts' failure to allege anything more than *de minimis* contact plus malice sinks this claim. *Porter v. Shumake*, 2016 WL 3923421 at * 10 (S.D. Ga. June 24, 2016).

Plaintiff's complaint that he suffered two extra days in disciplinary confinement advances a Due Process claim. *Sandin v. Conner*, 515 U.S. 472 (1995), controls:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483-84 (cites omitted); *see also Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004) (recognizing a "new *Sandin* standard," under which there is "no liberty interest and no constitutional violation . . . if the *Sandin* 'atypical and significant hardship' standard [is] not met."). Inmate Conner's disciplinary confinement for 30 days was not an atypical or significant hardship in comparison to ordinary conditions his prison system, and it did not inevitably increase the duration his sentence, so it did not implicate a protected liberty interest. *Sandin*, 515 U.S. at 486 ("We hold that Conner's discipline in segregated confinement did not

3

present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.").

The same must be said here. McRoberts (alleging 22 days) has not alleged anything atypical, and thus has no actionable Due Process claim.[2] *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (placement in administrative confinement for two months insufficient to establish protected liberty interest under *Sandin*); *Williams v. Barrow*, 2012 WL 1119516 at * 1 (M.D. Ga. Apr. 3, 2012) (a month "in segregation" is not enough).

Plaintiff's "legal documentation" claim at most supports some sort of access-to-courts claim. An inmate's right to his own legal papers forms part of that access right. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). A violation of that right, however, is only actionable upon showing of actual injury, "such as a denial or dismissal of a direct appeal, habeas petition or civil rights case that results from actions of prison officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

---

[2] "Furthermore, the Eleventh Circuit has 'never held that prisoners have a constitutional right to an administrative appeal from a disciplinary proceeding.' *Moulds v. Bullard*, 345 Fed.Appx. 387, 389 n. 1 (11th Cir. 2009), *rev'd on other grounds*, 452 Fed.Appx. 851 (11th Cir. 2011); *see Johnson v. Patterson*, CA No. 13-00221–KD–B, 2014 WL 4771738, at * 9 (S.D. Ala. 2014) (unpublished) (same)." *Moss v. Kidd*, 2016 WL 462832 at * 3 (S.D. Ala. Jan. 7, 2016).

McRoberts alleges no such injury, so his claim over the temporary denial of access to his legal materials fails. *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (general allegation that prisoners were unable to file proper pleadings and responses in various, unspecified legal actions was insufficient to meet the actual-injury requirement).

Finally, McRoberts comes nowhere close to pleading facts needed to support an intentional infliction of emotional distress claim. *See Timmons v. Bryson*, 2016 WL 4082710 at * 6 (S.D. Ga. Aug. 1, 2016) ("(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe.") (quotes and cite omitted). And "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e), quoted in *Floyd v. Sigmon*, 2016 WL 3713208 at *3 (N.D.Fla., June 9, 2016). McRoberts has alleged no physical injury.

Given its facial frivolity, plaintiff's Complaint must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).[3] Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g),[4] and his motion for appointment of counsel (doc. 3) is **DENIED**.

---

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

[4] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

Meanwhile, it is time for plaintiff to pay his $350 filing fee. His furnished account information shows that he has had a $0.00 average monthly balance and $0.00 in monthly deposits in his prison account during the past six months. Doc. 6. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). But plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to McRoberts' account custodian immediately. In the event he is transferred to another institution, plaintiff's present custodian shall forward a copy of this R&R and all financial information concerning

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, **this** 22nd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA